No. 95-1784

Louise B. Smith; Winifred                  *
Feezor; Cecilia M. Stout;                  *
Todd D. Brooks; Mary Jo                    *
Gustafson; Jay C. Hove;                    *
Tina A. Hove; Alan M.                      *
Prescott; Cynthia L.                       *
Prescott; Denise Prescott;                 *
Leonard L. Prescott; Patricia              *
Prescott; Robert Prescott, Jr.;            *
Tanya Prescott; Kimberly                   *
Amunsen; John Bluestone;                   *
Brian Hester; David Hester;                *
Kaye Hester; Teresa Johnson                *
Beverly Kosin; Forest Leith;               *
Kirk Leith; Shahn Leith;                   *
Gary Prescott; Jacqueline                  *
Prescott; Jerome Prescott;                 *   Appeals from the United States
Stacy Prescott; Kathleen                   *   District Court for the District
Rykus; Teri Schmitt; Richard               *   of Minnesota.
Scott; Robert Scott; Karen                 *
Swann; Dorothy Whipple, and                *
all others similarly situated,             *
                                           *
          Appellants,                      *
                                           *
     v.                                     *
                                           *
Bruce Babbitt, in his official             *
capacity as Secretary of the               *
Interior; Denise Homer, in her             *
official capacity as acting                *
Minneapolis Area Director of               *
the Bureau of Indian Affairs;              *
Harold A. Monteau, in his                  *
official capacity as Chair                 *
of the National Gaming                     *
Commission,                                *
                                           *
          Appellees.                       *

Louise B. Smith; Winifred          *
Feezor; Cecilia M. Stout;          *
Todd D. Brooks; Mary Jo            *
Gustafson; Jay C. Hove;            *
Tina A. Hove; Alan M.              *
Prescott; Cynthia L.               *
Prescott; Denise Prescott;         *
Leonard L. Prescott; Patricia      *
Prescott; Robert Prescott, Jr.,    *
Tanya Prescott; Kimberly           *
Amunsen; John Bluestone;           *
Brian Hester; David Hester;        *
Kaye Hester; Teresa Johnson;       *
Beverly Kosin; Forest Leith;       *
Kirk Leith; Shahn Leith;           *
Gary Prescott; Jacqueline          *
Prescott; Jerome Prescott;         *
Stacy Prescott; Kathleen           *
Rykus; Teri Schmitt; Richard       *
Scott; Robert Scott; Karen         *
Swann; Dorothy Whipple, and        *
all others similarly situated,     *
                                   *
            Appellants,            *
                                   *
        v.                         *
                                   *
Bruce Babbitt, in his official     *
capacity as Secretary of the       *
Interior; Denise Homer, in         *
her official capacity as           *
acting Minneapolis Area            *
Director of the Bureau of          *
Indian Affairs; Shakopee           *
Mdewakanton Sioux (Dakota)         *
Community; Shakopee                *
Mdewakanton Sioux (Dakota)         *
Community  Business Council;       *
Stanley R. Crooks; Kenneth         *
Anderson; Darlene McNeal,          *
individually and jointly;          *
Harold A. Monteau, in his          *
official capacity as Chair         *
of the National Gaming             *
Commission,                        *
                                   *
            Appellees.             *

Submitted: June 10, 1996

Filed: November 7, 1996
_____

Before BEAM and HEANEY, Circuit Judges, and BOGUE,[1] District Judge.

BEAM, Circuit Judge.

Louise Smith, et al., appeal the district court's[2] dismissal of their actions alleging, <u>inter alia</u>, violations of the Indian Gaming Regulation Act. Because this dispute essentially involves a question of tribal membership, an intra-tribal matter, this court is without jurisdiction to consider this appeal. Consequently, we affirm the district court's orders granting summary judgment and dismissing this action.

## I. BACKGROUND

The Mdewakanton Sioux Tribe (the Tribe) runs a gaming establishment on federal trust land located near Prior Lake, Minnesota. The establishment has, thus far, been a rather lucrative enterprise. A portion of the gaming revenues are distributed, per capita, to the Tribe's members.[3] According to the allegations in the amended complaint, these distributions amount to over $400,000, per year, per adult recipient.

Several tribal members and nonmembers (appellants) brought this action in federal court against both tribal and federal

_____

[1]The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

[3]We use the term "members" loosely, realizing that this dispute turns on whether or not those so designated are legitimately eligible for membership.

officials[4] alleging that some ineligible persons were improperly receiving payments, and that other eligible persons were being denied payments to which they were entitled. Appellants alleged violations of the Indian Gaming Regulation Act (IGRA), 25 U.S.C. §§ 2701-2721, the Indian Civil Rights Act (ICRA), 25 U.S.C. §§ 1301-1303, the Indian Reorganization Act (IRA), 25 U.S.C. §§ 461-479, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, and the Tribe's Constitution. Plaintiffs sought injunctive, monetary, declaratory, and equitable relief, as well as a writ of mandamus.

Initially, the district court dismissed the tribal defendants based on tribal sovereign immunity and denied preliminary injunctive relief. Smith v. Babbitt, 875 F. Supp. 1353, 1371 (D. Minn. 1995). The plaintiffs appealed. That appeal, No. 95-1784, was treated as an appeal from an interlocutory order and was dismissed by an administrative panel of this court. The dismissal was later vacated and clarified by the administrative panel. The panel's clarification affirmed its dismissal as to the tribal defendants but stated that the appeal of the denial of injunctive relief remained pending as to the federal defendants.

The district court later granted the federal defendants' motion for summary judgment,[5] incorporating by reference its earlier order dismissing the tribal defendants. Smith v. Babbitt,

---

[4]For ease of reference, the defendants will be separated into two groups: (1) "the tribal defendants," including the Shakopee Mdewakanton Sioux (Dakota) Community, the Shakopee Mdewakanton Sioux (Dakota) Community Business Council, Stanley R. Crooks, Kenneth Anderson, and Darlene McNeal; and (2) "the federal defendants," including Bruce Babbitt, Denise Homer, and Harold A. Monteau.

[5]The defendants' motion was titled a "Motion to Dismiss or in the Alternative for Summary Judgment." The district court, however, in considering evidence outside of the pleadings, treated the motion as one for summary judgment. See Fed. R. Civ. P. 12(b). We will refer to it as such.

-4-

No. 3-94-1435, mem. op. at 14 (D. Minn. Aug. 21, 1995).  Again, the plaintiffs appealed.  That appeal, No. 95-3392, involves both the dismissal of the tribal defendants and the grant of summary judgment for the federal defendants and subsumes the prior appeal in this matter.  Therefore, we dismiss appeal No. 95-1784 as moot and limit our discussion to the issues raised in appeal No. 95-3392.

Appellants contend that the district court erred in dismissing the tribal defendants and in granting summary judgment to the federal defendants.  Appellants argue, in part, that the district court:  (1) has the duty to prevent future violations of federal law by both the tribal and federal defendants; (2) has the authority to enforce IGRA and to determine compliance with its provisions; and (3) has jurisdiction to review the membership determinations of the Tribe.  Because most of the plaintiffs' allegations deal with violations of IGRA, our discussion begins with that statute.

## II.  DISCUSSION

IGRA allows for the per capita distribution of gaming proceeds to tribal members if such distribution is according to an adopted plan which protects the rights of minors (and certain other persons) and is approved by the Secretary of the Interior.  25 U.S.C. § 2710(b)(3).  The Tribe's allocation plan for per capita payments, the "Gaming Revenue Allocation Amendments to Business Proceeds Distribution Ordinance" (Revenue Allocation Amendments), has received approval from the Secretary of the Interior.  Despite this approval, appellants allege that the Mdewakanton Sioux Tribe is dispersing funds to nonmembers in violation of this provision of IGRA, which expressly limits distribution of proceeds to tribal members.  Appellants also argue that such distributions violate ICRA, IRA, RICO, and the Tribe's Constitution.  On its face, the distribution plan only allows for the payments to tribal members.

Therefore, the determination as to whether such violations are occurring turns on the issue of tribal membership.

Indian tribes retain elements of sovereign status, including the power to protect tribal self government and to control internal relations. See Montana v. United States, 450 U.S. 544, 564 (1981).  One such aspect of this sovereignty is the authority to determine tribal membership.  Id. Such membership determinations are generally committed to the discretion of the tribes themselves.  Santa Clara Pueblo v. Martinez, 436 U.S. 49, 54 (1978).  As the United States Supreme Court has stated,  "[a] tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community."  Id. at 72 n.32.  Essentially, therefore, a membership dispute is an issue for a tribe and its courts.  See, e.g., Equal Employment Opportunity Comm'n v. Fond du Lac Heavy Equip. and Constr. Co., 986 F.2d 246, 249 (8th Cir. 1993); Martinez v. Southern Ute Tribe, 249 F.2d 915, 920 (10th Cir. 1957).

The Mdewakanton Sioux Tribe has exercised its power to determine its membership.  The membership requirements, found in the Tribe's Constitution, provide that members must either be:  (1) listed on the 1969 census roll; (2) children of at least one-fourth degree Mdewakanton Sioux blood born to an enrolled member of the Tribe; or (3) descendants of at least one-fourth degree Mdewakanton Sioux blood (subject also to successful completion of an application process).  Addendum to Appellants' Brief at 4.  The Tribe amended these requirements by enacting an "adoption" ordinance, which has now received approval from the Bureau of Indian Affairs (BIA).[6]  This adoption ordinance increased the

---

[6]The initial adoption ordinance (No. 10-27-93-001) failed to win approval from the BIA, as did its successor, the amended adoption ordinance (No. 11-30-93-002).  However, following an appeal to the Interior Board of Indian Appeals, the amended adoption ordinance has now been approved.

number of tribal members eligible for per capita payments and helped spur the instant dispute.

Careful examination of the complaints and the record reveals that this action is an attempt by the plaintiffs to appeal the Tribe's membership determinations. It is true that appellants allege violations of IGRA, ICRA, IRA, RICO, and the Tribe's Constitution. However, upon closer examination, we find that these allegations are merely attempts to move this dispute, over which this court would not otherwise have jurisdiction, into federal court. In this regard, an excerpt from the plaintiffs' amended complaint is particularly telling. In attempting to establish the Secretary of the Interior's liability, the plaintiffs alleged that the "scheme" in which the Secretary participated involved:

> several willful elements, including: (1) the improper inclusion of non-members on the Tribe's membership rolls; (2) the improper removal and exclusion of constitutionally qualified members from those rolls; (3) the improper exclusion from such rolls of constitutionally qualified members whose membership applications have been indefinitely postponed in their consideration; and (4) improper payments of gaming revenues to non-members who have been removed temporarily from the Tribe's membership rolls.

Amended Complaint at 4. As plaintiffs' own words illustrate, this conflict concerns nothing more than the Tribe's membership determinations.

The facts of this case further show that this dispute needs to be resolved at the tribal level. We note that the Mdewakanton Tribe has expressly waived sovereign immunity from suit in tribal court for actions disputing an individual's qualified status to receive per capita payments. Revenue Allocation Amendments at § 14.5(B). Several of the appellants involved in this action have previously brought similar actions in tribal court. In fact, at

different stages of this action, suits of this very nature were pending in tribal court.  Therefore, as the district court stated:

> <u>This is an internal tribal membership dispute</u>.  It is not a dispute over compliance with IGRA, and does not belong in federal court.  Congress did not define "member" when it enacted IGRA, nor would federally imposed criteria be consonant with federal Indian policy.  The great weight of authority holds that tribes have exclusive authority to determine membership issues.  A sovereign tribe's ability to determine its own membership lies at the very core of tribal self-determination; indeed, there is perhaps no greater intrusion upon tribal sovereignty than for a federal court to interfere with a sovereign tribe's membership determinations.

<u>Smith v. Babbitt</u>, 875 F. Supp. at 1360-61 (citations omitted).  Federal court jurisdiction does not reach this matter simply because the plaintiffs carefully worded their complaint.

We agree with the district court that this is essentially an intra-tribal dispute.  As such, this court does not have jurisdiction to consider this appeal.  Consequently, we find that this case is most properly left to tribal authorities, in whom the discretion over tribal membership determinations is vested.

## III.  CONCLUSION

For the reasons stated above, we dismiss appeal No. 95-1784 as moot; affirm the orders of the district court granting summary judgment and dismissing appeal No. 95-3392; and deny appellants' motions to supplement the record.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.