Lewanda K. LINCOLN, et al., Plaintiffs,

v.

SAGINAW CHIPPEWA INDIAN TRIBE
OF MICHIGAN, Defendant.

No. 96–CV–73164.

United States District Court,
E.D. Michigan,
Southern Division.

June 20, 1997.

Frank G. Becker, Southfield, MI, for Plaintiffs.

Frank R. Jozwiak, Seatlle, WA, Michael G. Phelan, Christine L. Swanick, Mt. Pleasant, MI, for Defendant.

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

O'MEARA, District Judge.

Before the court is Defendant's January 22, 1997 motion to dismiss. Plaintiffs filed a response and a supplement; Defendant submitted a reply. The court heard oral argument on March 27.1997, and took the matter under advisement. For the reasons expressed in this opinion, the court GRANTS Defendant's motion.

### BACKGROUND

Plaintiffs have brought suit against defendant Saginaw Chippewa Indian Tribe ("Tribe") pursuant to the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. § 2701 *et seq.* and the Indian Civil Rights Act of 1968 (ICRA), 25 U.S.C. § 1301. Plaintiffs claim that they should be considered members of the Tribe and should therefore receive a share of the Tribe's gaming revenues. Defendant asserts that none of the plaintiffs are tribal members. Further, Defendant contends that it properly distributes per capita payments of gaming revenues to tribal members pursuant to a plan approved by the Secretary of the Interior in accordance with the IGRA. Defendant seeks to have this suit dismissed on sovereign immunity grounds.

### LAW AND ANALYSIS

Defendant is correct in asserting that this court lacks jurisdiction to hear this dispute because the Tribe is entitled to sovereign immunity. "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978) (citations omitted). Absent congressional authorization or waiver, Indian nations are exempt from suit. *Id.* (citations omitted). Further, it is settled that "a waiver of sovereign immunity 'cannot

be implied but must be unequivocally expressed.'" *Id.* (citations omitted).

In the present case, Plaintiffs allege violations of the ICRA and IGRA. However, Plaintiffs' ICRA claim is barred by the doctrine of sovereign immunity. "Federal courts do not have jurisdiction to hear disputes between an Indian tribe and its members alleging violations of ICRA." *Smith v. Babbitt,* 875 F.Supp. 1353, 1362 (D.Minn. 1995), *aff'd,* 100 F.3d 556 (8th Cir.1996) (noting that the only relief available under the ICRA in federal court is a writ of habeas corpus).

Further, this action is essentially a tribal membership dispute over which this court lacks jurisdiction. One aspect of tribal sovereignty "is the authority to determine tribal membership." *Smith,* 100 F.3d at 558 (citing *Montana v. United States,* 450 U.S. 544, 564, 101 S.Ct. 1245, 1257–58, 67 L.Ed.2d 493 (1981)). "A tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community." *Santa Clara Pueblo,* 436 U.S. at 72 n. 32, 98 S.Ct. at 1684 n. 32.

In the instant case, Plaintiffs request that this court compel Defendant to recognize them as tribal members and, accordingly, to distribute gaming revenues to them. In a recent case decided under almost identical facts, a Minnesota district court declined to exercise jurisdiction over what it termed "an internal tribal membership dispute." *Smith,* 875 F.Supp. at 1360. The Eighth Circuit affirmed the district court's dismissal of the case, noting that

> [c]areful examination of the complaints and the record reveal that this action is an attempt by the plaintiffs to appeal the Tribe's membership determinations. It is true that appellants allege violations of IGRA, ICRA, IRA, RICO, and the Tribe's Constitution. However, upon closer examination, we find that these allegations are merely attempts to move this dispute, over which this court would not otherwise have jurisdiction, into federal court.

*Smith,* 100 F.3d at 559.

In support of their contention that this court has jurisdiction to hear this dispute,

Plaintiffs cite *Maxam v. Lower Sioux Indian Community of Minnesota,* 829 F.Supp. 277 (D.Minn.1993) and *Ross v. Flandreau Santee Sioux Tribe,* 809 F.Supp. 738 (D.S.D.1992). In both *Maxam* and *Ross,* the tribes operated gaming facilities and distributed proceeds without having a distribution plan approved by the Secretary of Interior as required by the IGRA. The courts in *Maxam* and *Ross* found that they had jurisdiction to enjoin further distribution of gaming revenues until the Secretary approved a gaming proceeds allocation plan as required under 25 U.S.C. § 2710(b)(3). Unlike the tribes in *Maxam* and *Ross,* however, the Tribe distributes gaming revenues in accordance with the Saginaw Chippewa Gaming Per Capita Plan, which was approved by the Secretary of the Interior on February 28, 1994. Def. Ex., Tr–2. Thus. unlike the tribes in *Maxam* and *Ross,* the Tribe has complied with the requirements of the IGLA by obtaining approval for its plan. *See Smith,* 875 F.Supp. at 1360.

The district court in *Smith* similarly distinguished *Maxam* and *Ross* and refused to exercise jurisdiction over the plaintiffs' IGRA claims. The court explained,

> *This is an internal tribal membership dispute.* It is not a dispute over compliance with IGRA, and does not belong in federal court. Congress did not define "member" when it enacted IGRA, nor would federally imposed criteria be consonant with federal Indian policy. The great weight of authority holds that tribes have exclusive authority to determine membership issues.

*Smith,* 875 F.Supp. at 1360 (emphasis in original). Further, *Maxam* and *Ross* have been criticized as inconsistent with the United States Supreme Court's position that an Indian tribe's waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Davids v. Coyhis,* 869 F.Supp. 1401, 1408 (E.D.Wis.1994) (quoting *Santa Clara Pueblo,* 436 U.S. at 58, 98 S.Ct. at 1676–77). Consistent with *Smith,* therefore, this court finds that it lacks jurisdiction to hear what is essentially a membership dispute between Plaintiffs and the Tribe.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that Defendant's January 22, 1997 motion to dismiss is **GRANTED**.