# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3806ND

_____

Alva Rose Hall, for herself and     *
themselves and on behalf of all     *
enrolled members of the Three     *
Affiliated Tribes,     *
    * On Appeal from the United
         Appellant,     * States District Court
    * for the District of
      v.     * North Dakota.
    *
Bruce Babbitt, Secretary, United States     * [Not To Be Published]
Department of the Interior; Tex Hall,     *
Tribal Chairman; Tribal Business     *
Council of the Three Affiliated Tribes,     *
    *
         Appellees.     *

_____

Submitted: March 1, 2000
Filed: March 10, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Alva Rose Hall appeals from the District Court's[1] order dismissing, without prejudice, her action against Interior Secretary Bruce Babbitt, Three Affiliated Tribes Chairman Tex Hall, and the Tribes' Business Council (TBC). We affirm.

Hall, an enrolled member of the Tribes, filed this pro se suit alleging that Chairman Hall and the TBC (tribal defendants), with the assistance of the Bureau of Indian Affairs, misappropriated and spent for improper purposes over $10 million in funds--set aside by federal statute to compensate the Tribes for the taking of their land (ERF funds)--which were to be used only in accordance with a plan approved by the "people" and the Secretary. Hall alleged that TBC officers had removed financial records and TBC meeting minutes from the tribal building, and that the Secretary never approved a plan authorizing expenditure of ERF funds as he was required to do, and illegally disbursed ERF funds to the TBC. The tribal defendants and the Secretary moved to dismiss the case. The District Court granted the motions to dismiss "without prejudice to the merits of the plaintiff's claim if an action is filed in Tribal Court."

We conclude that this disposition was appropriate. As we noted in Duncan Energy v. Three Affiliated Tribes, 27 F.3d 1294, 1299 (8th Cir. 1994), cert. denied, 513 U.S. 1103 (1995), the Supreme Court recognizes the federal government's long-standing policy of encouraging tribal self-government. See, e.g., Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 14-15 (1987) (tribal courts play vital role in tribal self-government and federal government has consistently encouraged their development); Merrion v. Jicarilla Apache Tribe, 455 U.S. 130, 138 n.5 (1982) (through laws governing Indian tribes, Congress has expressed purpose of "fostering tribal self-government"). Civil jurisdiction over tribal-related activities presumptively lies in tribal courts unless a specific treaty provision or federal statute affirmatively limits the jurisdiction. See Iowa Mutual, 480 U.S. at 18; Duncan Energy, 27 F.3d at 1299

---

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

(deference federal courts afford tribal courts concerning tribal-related activities is rooted in Supreme Court precedent).

In addition, principles of comity require the parties to exhaust tribal court remedies before a federal court considers relief in a civil case regarding tribal-related activities on reservation land, because when a federal court exercises jurisdiction over matters relating to reservation affairs, it can impair the authority of tribal courts. See Iowa Mutual, 480 U.S. at 15; see also National Farmers Union v. Crow Tribe of Indians, 471 U.S. 845, 856-57 (1985) (district court could not assert jurisdiction over case for acts occurring on reservation until tribal court was first given opportunity to determine its jurisdiction to hear case).

All of the parties, except for the Secretary, are tribal entities or members. Although the Secretary has some involvement in this case--he is responsible for deposits of principal and accrued interest in the ERF, and uses the interest in making payments to the Tribes for approved purposes--we agree with the District Court that Hall's complaint centers on an intra-tribal dispute involving the handling of ERF funds. Thus, we agree with the District Court that she should be required to exhaust her tribal court remedies and that the tribal court should have a full opportunity to determine its own jurisdiction. See Bruce H. Lien Co. v. Three Affiliated Tribes, 93 F.3d 1412, 1420 (8th Cir. 1996) (exhaustion of tribal court remedies required where many parties are tribal entities or members, and dispute involves tribal government activity involving project located within reservation borders); Duncan Energy, 27 F.3d at 1300 (dispute arising on reservation raises questions of tribal law and jurisdiction that should first be presented to tribal court); cf. Pembina Treaty Comm. v. Lujan, 980 F.2d 543, 545 (8th Cir. 1992) (stating in context of determining whether tribe was indispensable party in federal court suit, that any federal court order affecting money disbursed to tribal council pursuant to federal law allocating funds to tribe members, authorizing Secretary to invest portion for tribe's benefit, and disbursing interest to tribe subject to

Secretary's approval, constitutes impermissible encroachment on tribal sovereignty).

The result should not be different because Hall named the Secretary as a defendant and the dispute implicates a federal statute. See <u>Smith v. Babbitt</u>, 100 F.3d 556, 558-59 (8th Cir. 1996) (court is without jurisdiction over tribal dispute even though Secretary of Interior is named defendant, plaintiff alleged Secretary schemed to alter tribe membership rolls and make improper payments to non-members, and case involved federal statute), <u>cert. denied</u>, 522 U.S. 807 (1997).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.