# Third District Court of Appeal

## State of Florida

Opinion filed March 25,2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-277
Lower Tribunal No. 12-12816
_____

**Miccosukee Tribe of Indians of Florida, etc.,**
Appellant,

vs.

**Guy Lewis, Michael R. Tein, and Lewis Tein, P.L., etc.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Bernardo Roman III; Yesenia Lara and Yinet Pino, for appellant.

Carlton Fields Jorden Burt, P.A., and Jack Reiter, Nancy C. Ciampa, and Paul A. Calli, for appellees.

Before WELLS, SALTER, and LOGUE, JJ.

LOGUE, J.

The Miccosukee Tribe of Indians appeals an order that dismissed its case and, in the alternative, granted summary judgment in favor of Guy Lewis, Michael Tein, and Lewis Tein, PL (hereinafter the Lawyers). We disagree with the dismissal but affirm the summary judgment.

The Lawyers represented the Tribe under its previous chairman. With the election of a new administration, the Tribe sued the Lawyers alleging counts of malpractice, breach of fiduciary duty, fraud, fraud in the concealment, RICO conspiracy, RICO, theft, and conversion. Among other things, the Tribe claimed the Lawyers fraudulently billed the Tribe, represented certain tribal members in conflict with their representation of the Tribe, bribed the prior chairman with kickbacks, improperly divulged Tribal finances to the Federal Internal Revenue Service, and failed to inform the Tribe of the prior chairman's charging improper expenses to the Tribe.

The Lawyers moved to dismiss and for summary judgment contending (1) the lawsuit concerned an intra-tribal dispute over which the court lacked jurisdiction, and (2) the undisputed material facts indicated that the Lawyers had no liability. The trial court granted summary judgment and, in the alternative, granted the motion to dismiss.

## 1.  Jurisdiction

Concluding this case was essentially a dispute between tribal members over intra-tribal governance which was a matter left to the sovereign tribe to resolve, the trial court dismissed this case for lack of jurisdiction. We agree with the Tribe that the dismissal was in error. The dispute on this issue focuses on the Lawyers' intent to raise as one of their defenses the claim that the Tribal government ratified or approved their actions, which, the Lawyers assert, raises the issue of whether those officials had the authority to do so. Because of its sovereign status, the Tribe has the right under certain circumstances to cause a Federal or State court to refrain from deciding issues of intra-tribal governance, at least in the first instance. Smith v. Babbitt, 100 F.3d 556, 558 (8th Cir. 1996) ("Indian tribes retain elements of sovereign status, including the power to protect tribal self-government and to control internal relations."). The Tribe's right in this regard, however, does not bar the Tribe from accessing Florida courts to resolve claims under Florida law against its Florida lawyers.

Instead, when filing a claim in a Florida Court, the Tribe is deemed to have waived the right to determine matters of intra-tribal governance, to the limited extent that deciding such issues is absolutely necessary to resolve the defenses and therefore the Tribe's claim. See generally Miccosukee Tribe of Indians of Fla. v. Bermudez, 92 So. 3d 232, 235 (Fla. 3d DCA 2012) (holding the Tribe's filing of

document in a State court proceeding "constituted a clear, explicit, and unmistakable waiver of the Tribe's claim to sovereign immunity"); Ortiz-Barraza v. United States, 512 F.2d 1176, 1179-80 (9th Cir. 1975) (in prosecution for violation of federal laws, federal court analyzed constitution and laws of Papago Tribe and determined Papago police officer acted within his authority in making stop and arrest of non-tribal member).

We distinguish Miccosukee Tribe of Indians of Florida v. Cypress, 975 F. Supp. 2d 1298, 1307 (S.D. Fla. 2013), in which the court dismissed for lack of jurisdiction a lawsuit by the Tribe against "its former officials and agents [including its past chairman]" and its lawyers because "the Miccosukee Tribe is asking the Court to decide that the Defendants unlawfully exceeded their authority as officers and agents of the Miccosukee Tribe when it engaged in behavior the Miccosukee Tribe contends were not in its interest." In contrast, the suit here is against only the Lawyers, who are not members or officers of the Tribe and none of the Tribe's theories of liability depend on Tribal law.

The purpose of the legal recognition of tribal sovereignty is to protect the Tribe. Courts should be wary of interpreting this doctrine in a manner that immunizes non-tribal members, particularly from suits brought by the Tribe in State courts for violations of State law. Using the doctrine in such a manner flips

4

the doctrine on its head. Instead of providing protection, this interpretation damages the Tribe by depriving it of remedies against non-tribal wrongdoers.

Here, even if some of the defenses might require the resolution of questions of tribal law, this lawsuit by the Tribe against its Florida lawyers is not an intra-tribal dispute that the Tribe is barred from filing in State court.

## 2. Summary Judgment

Turning to the second issue, however, we find that the trial court properly granted summary judgment. In support of their motion for summary judgment, the Lawyers filed affidavits, depositions, and records reflecting evidence which, if it was the only evidence admitted at trial, would support a ruling in favor of the Lawyers. This presentation met the Lawyers' burden as the movants for summary judgment. Once the movants made such a presentation, the burden shifted to the Tribe as the non-movant opposing the motion to either (1) come forward with conflicting evidence that created a disputed issue of material fact which, if decided in favor of the Tribe, would support a judgment for the Tribe; or (2) file an affidavit, pursuant to Florida Rule of Civil Procedure 1.510(f), describing with specificity the additional discovery needed to obtain such evidence. The Tribe did neither. For example, the Tribe's expert was unable to identify a single invoice by the Lawyers that he believed was fraudulent, illegal, or excessive. Summary judgment cannot fulfill its purpose "to test the sufficiency of the evidence to

determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings," <u>The Florida Bar v. Greene</u>, 926 So. 2d 1195, 1200 (Fla. 2006), if the non-moving party responds to a motion for summary judgment by refusing to reveal the evidence it intends to rely upon at trial, or by hiding the fact it has no evidence.

Accordingly, we vacate the order on appeal as to the dismissal for lack of jurisdiction, but affirm the summary judgment.